UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAX GIBSON, | § | No. 1:24-cv-00575-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| G&G COMMUNICATIONS, LLC, GSJ | § | |
| COMMUNICATIONS, LLC AND | § | |
| ROBERT PRICHER, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION; AND (2) GRANTING MOTION TO REMAND

Before the Court is a Report and Recommendation ("Recommendation") filed by United States Magistrate Judge Dustin M. Howell. (Dkt. # 31.) On June 5, 2024, Plaintiff Dax Gibson ("Plaintiff") filed a Motion to Remand. (Dkt. # 7.) On November 5, 2024, Judge Howell submitted a Report and Recommendation recommending that the Court grant the Motion. (Dkt. # 31.) On November 19, 2024, Defendants G&G Communications, LLC, GSJ Communications, LLC, and Robert Pricher (collectively, "Defendants") filed Objections to the Recommendation. (Dkt. # 32.) The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation

1

and the information contained in the record, the Court **ADOPTS** the Recommendation.  The Motion to Remand is **GRANTED.**

BACKGROUND

Plaintiff filed this lawsuit in state court, seeking compensation for injuries sustained in a motor vehicle collision on a frontage road parallel to Interstate 35. (Dkt. # 11-11.)  Plaintiff alleged that Defendant Robert Pricher, while in the course of his employment for Defendants G&G Communications, LLC ("G&G") and GSJ Communications, LLC ("GSJ"), negligently failed to alert drivers that his work truck was stopped in the right-most lane of the frontage road.  (Id. at 7–9.) Plaintiff, unaware of Pricher's stopped vehicle, collided with the truck and sustained serious injuries.  (Id. at 8.)

Plaintiff asserted claims for negligence and gross negligence against all Defendants and vicarious liability and negligent entrustment claims against G&G and GSJ (the "Corporate Defendants").  (Id. at 10-20.)

Defendants removed the case to federal court, asserting diversity jurisdiction and alleging that while Plaintiff is a citizen of Texas, Pricher is a citizen of Florida and GSJ is a citizen of Georgia.  (Dkt. # 1 at 2–3.)  On June 5, 2024, Plaintiff moved to remand, arguing that diversity jurisdiction does not exist because G&G is a Texas citizen.  (Dkt. # 7 at 4.)  Defendants opposed remand, contending that G&G, a dissolved company, was improperly joined.  (Dkt. # 13 at

2–5.) In support of their response to the Motion, Defendants offered evidence to support the following: "(1) G&G was not the employer of Pricher on November 30, 2022 and, in fact, G&G had no employees on that date; (2) G&G did not own or control the vehicle involved in the accident; and (3) G&G did not maintain liability insurance coverage for the loss that is the basis of the action." (Dkt. # 32 at 2.) Based on such evidence, Defendants argued that Plaintiff had no reasonable basis for recovery against G&G and that G&G, therefore, was improperly joined as a defendant in the suit. (Dkt. # 13.)

The Motion to Remand (Dkt. # 7) was referred to Magistrate Judge Howell on August 20, 2024 via Text Order. Judge Howell issued his Report and Recommendation on November 5, 2024, recommending the Court grant the Motion. (Dkt. # 31). On November 7, 2024, this case was re-assigned to the undersigned. (Dkt. # 31. On November 19, 2024, Defendants filed Objections to the Recommendation. (Dkt. # 32.) Plaintiff did not file a Response to the Objections.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

3

objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Energy Mgmt. Servs., LLC v. City of Alexandria, 739 F.3d 255, 258-59 (5th Cir. 2014) (quoting Kokkonen, 511 U.S. at 377).

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a). District courts have original jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity—meaning that no plaintiff may share citizenship with any defendant. Flagg v. Stryker Corp., 819 F.3d 132, 136 (5th Cir. 2016).

When removal is premised on diversity jurisdiction, the presence of an improperly joined non-diverse defendant will not defeat jurisdiction. Salazar v. Allstate Tex. Lloyd's, Inc., 455 F.3d 571, 574 (5th Cir. 2006). A defendant establishes improper joinder by demonstrating the plaintiff's inability to state a viable claim against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder," though the Court may "pierce the pleadings and conduct a summary inquiry" where plaintiff has "misstated or omitted discrete facts that would determine the propriety of joinder." Id. Any doubts as to the propriety of removal are resolved in favor of remand. Smith v. Bank of Am. Corp., 605 F. App'x 311, 314 (5th Cir. 2015).

Plaintiff moved to remand this case to state court, asserting that Defendant G&G Communications, LLC ("G&G") is a Texas citizen and that

diversity jurisdiction therefore does not exist.  (Dkts. ## 1, 11.)  Defendants argued that G&G, a dissolved company, was improperly joined because it never employed Defendant Pricher and therefore owed no legal duty to Plaintiff, a requirement for a negligence claim.  (Dkts. ## 13 at 2–5; 13-1.)  In support of their Response, Defendants attached the Declaration of Gena Brockel, as well as other evidence, establishing that: (1) G&G was not the employer of Pricher on November 30, 2022; (2) G&G did not own or control the vehicle involved in the accident; and (3) G&G did not maintain liability insurance coverage for the loss that is the basis of the action.  (Dkts. # 32.)  In response, Plaintiff contended that G&G may be held liable under a theory of vicarious liability, regardless of whether G&G formally employed Pricher at the time of the accident.  (Dkt. # 16 at 9–10.)  Both parties agreed that under Texas law, a dissolved corporation may be sued within three years of its dissolution for claims that existed before its dissolution.  (Dkts. # 7 at 11; # 13 at 4–5; see also Tex. Bus. Orgs. Code § 11.356(a).)

   In his Recommendation, Judge Howell first noted that this dispute centers on whether Plaintiff may maintain a claim against G&G when, according to Defendants, G&G did not employ Pricher, own or control the vehicle involved in the collision, or maintain liability insurance for the vehicle at the time of the incident.  (Dkt. # 31 at 4; Dkts. ## 13 at 4–5; 16 at 8–14.)

I.    Summary Inquiry

Defendants first object to the Recommendation on the basis that the Magistrate Judge erred by failing to conduct a summary inquiry into the discrete jurisdictional facts presented. (Dkt. # 31 at 3.) Courts may pierce the pleadings under Smallwood when evidence is submitted to demonstrate that a claim is factually baseless. See 385 F.3d at 573 (explaining that a district court may "pierce the pleadings" and "conduct a summary inquiry" when a plaintiff has "misstated . . . discrete facts that would determine the propriety of joinder").

The Court finds this objection unpersuasive. It is true that Defendants presented uncontroverted evidence that undermines Plaintiff's assertion of an employment relationship between G&G and Pricher and G&G's control of the vehicle involved in the accident. (See Dkts. ## 13-1, 13-4, 13-5.) However, the Magistrate Judge's alleged failure to explicitly conduct a summary inquiry did not affect his ultimate conclusion, discussed below, that Plaintiff plausibly stated a negligence claim against G&G based on a theory of *vicarious liability*. Accordingly, Defendants' first objection is **OVERRULED**.

II.    Vicarious Liability

Judge Howell found that Plaintiff plausibly stated a negligence claim against G&G based on a theory of vicarious liability. (Dkt. # 31 at 4; Dkt. #11-11

7

at 11–13.)  Plaintiff alleged that G&G is liable under the doctrine of respondeat superior for the "conduct or omissions" of Pricher and "any other employees, agents, officers, representatives, or servants acting upon its behalf or consent." (Dkt. # 11-11 at 13.)  Judge Howell found that these allegations indicate a possibility that G&G's legal duty may not depend exclusively on its disputed role as Pricher's employer.  (Dkt. # 31 at 4.)  Accordingly, Judge Howell concluded that whether Pricher acted as G&G's employee at the time of the accident is therefore not dispositive of whether G&G may be vicariously liable for the conduct of its agents, officers, representatives, or servants.  (Id. (citing Dkt. # 11-11 at 13; Guillory v. PPG Indus., Inc., 434 F.3d 303, 308–09 (5th Cir. 2005) ("We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."); DeLaGarza v. Trafigura Trading LLC, No. 2:17-CV-188, 2017 WL 4250404, at *2 (S.D. Tex. Sept. 26, 2017) (rejecting improper-joinder argument where plaintiff alleged "he suffered his injuries as a result of negligence by, among others, 'employees, agents, officers, representatives or servants of' [defendant], a broader category than simply 'employees'")).)

       Accordingly, Judge Howell concluded that Defendants failed to establish improper joinder.  (Dkt. # 31 at 5.)  Judge Howell found that Plaintiff plausibly pleaded at least one viable claim against G&G, and Defendants'

8

proffered evidence did not foreclose the possibility of recovery. (Id.) Thus, Defendants did not satisfy their burden under Smallwood. 385 F.3d at 573, 576) ("[I]f a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."). Since Judge Howell found Plaintiff's claim survives a Rule 12(b)(6) analysis, he concluded that improper joinder does not apply and recommended the Court grant the Motion to Remand. (Dkt. # 31 at 5.)

Defendants object to Judge Howell's finding that Plaintiff plausibly stated a claim under a theory of vicarious liability based on alleged negligence of "other employees, agents, officers, representatives, or servants" because the Third Amended Petition fails to allege specific factual allegations "that any employee, agent, officer, representative, or servant of G&G other than Pricher was present at the accident scene and caused the accident itself." (Dkt. # 32 at 9.)

The Court finds this objection unpersuasive. Under the Rule 12(b)(6) standard, as applied in the improper joinder context, the plaintiff need only provide enough factual content to state a claim that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In improper joinder cases, the Court's inquiry focuses on whether there is a reasonable basis to predict that the plaintiff might recover against the in-state defendant, not whether recovery is likely. See Smallwood, 385 F.3d at 573. Requiring the level of specificity that Defendants suggest—identifying the exact

roles and presence of individuals other than Pricher at the accident scene—is inappropriate under the 12(b)(6) standard. Here, Plaintiff's allegations that G&G's agents, officers, or representatives acted negligently are sufficient at this stage, as the Court must resolve all doubts in favor of remand. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Accordingly, Defendants' objection is **OVERRULED.**

The Court finds Judge Howell's conclusions are reasonable and absent of clear error. Because the Court agrees with Judge Howell's conclusion that Plaintiff's vicarious liability claim satisfies the Rule 12(b)(6) standard and, as a result, the improper joinder doctrine does not support removal despite the presence of a non-diverse Defendant, the Court finds it unnecessary to address Defendants' objections pertaining to Plaintiff's other claims. Accordingly, after careful consideration, the Court **ADOPTS** the Magistrate Judge's Recommendation and **GRANTS** Plaintiff's Motion to Remand. (Dkt. # 7.)

## CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Howell's Report and Recommendation as the opinion of this Court (Dkt. # 31) and **GRANTS** Plaintiff's Motion to Remand. (Dkt. # 7.) Further, the Court **REMANDS** the case to the 126th Judicial District Court of Travis County, Texas for lack of subject-matter jurisdiction**.**

**IT IS SO ORDERED.**

**SIGNED:** Austin, Texas, January 8, 2025.

_____
David Alan Ezra
Senior United States District Judge